UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FILED
15 FEB -6 PM 2: 05
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

MICHAEL CRAIG, on behalf of himself
and all others similarly situated,

    Plaintiff,

CASE NO.: 2:15-cv-72-FtM-38DNF

vs.

PATINELLA'S CHICKEN GRILL
COLLEGE PARKWAY, LLC, a Florida
Profit Corporation, and SHELLY PATINELLA,
Individually,

    Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff, MICHAEL CRAIG, (hereinafter "Plaintiff") on behalf of himself, other employees and former employees similarly situated, by and through the undersigned counsel, and files this Complaint against Defendants, PATINELLA'S CHICKEN GRILL COLLEGE PARKWAY, LLC, a Florida Profit Corporation, and SHELLY PATINELLA, Individually (hereinafter collectively "Defendants") and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended, (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid tips, an additional equal amount of liquidated damages and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4. At all times material hereto, Plaintiff, MICHAEL CRAIG, is and was a resident of Lee County, Florida.

5. At all times material hereto, PATINELLA'S CHICKEN GRILL COLLEGE PARKWAY, LLC (hereinafter "PATINELLA'S") was and continues to be a Florida Profit Corporation. Further, at all times material hereto, PATINELLA'S was, and continues to be, engaged in business in Florida, with a principle place of business in Lee County, Florida.

6. At all times relevant to this action, Defendant SHELLY PATINELLA was and continues to be a resident of Lee County, Florida.

7. At times relevant hereto, Defendant SHELLY PATINELLA owned and operated PATINELLA'S.

8. At times relevant hereto, Defendant SHELLY PATINELLA regularly held and/or exercised the authority to hire and fire employees of PATINELLA'S.

9. At times relevant hereto, Defendant SHELLY PATINELLA held and/or exercised the authority to determine the work schedules for the employees of PATINELLA'S.

10. At times relevant hereto, Defendant SHELLY PATINELLA regularly held and/or exercised the authority to control the finances and operations of PATINELLA'S.

11. By virtue of having regularly exercised that authority to: (a) hire and fire employees of PATINELLA'S; (b) determine the work schedules for the employees of

PATINELLA'S; and (c) control the finances and operations of PATINELLA'S, Defendant SHELLY PATINELLA is an employer as defined by 29 U.S.C. 201, *et seq.*

12. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

13. At all times material hereto, Plaintiff was an "employee" of the Defendants within the meaning of FLSA.

14. At all times material hereto, Defendants were the "employers" within the meaning of FLSA.

15. Defendants were and continue to be an "employer" within the meaning of FLSA.

16. At all times material hereto, Defendant PATINELLA'S was and continues to be "enterprises engaged in commerce" within the meaning of FLSA.

17. At all times material hereto, Defendant PATINELLA'S was and continues to be an enterprises engaged in the "production of goods for commerce" within the meaning of FLSA.

18. Based upon information and belief, the annual gross revenue of Defendant PATINELLA'S is in excess of $500,000.00 per annum during the relevant time periods.

19. At all times material hereto, Defendants have two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

20. At all times material hereto, the Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

21. At all times material hereto, the Plaintiff was engaged in the "production of goods for commerce" and subject to individual coverage of the FLSA.

22. Defendants operated a tip pool for the crew members. The Defendants retained the credit card tips and withheld the credit card tips from the crew members.

23. The additional persons who may become Plaintiffs in this action participated in a tip pool with other crew member employees of Defendants and who meet the following circumstances:

   (a) Crew members that regularly received more than $30 a month in tips; and

   (b) Crew members that participated in the tip pool with other crew members and did not receive the credit card tips.

24. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

25. On or about May 2013 until on or about September 2014 Plaintiff performed work as a "crew member" for Defendants.

26. Plaintiff was paid an hourly wage ranging from $8.00 per hour to $12.00 per hour.

27. Plaintiff participated in a tip pool with other crew members and regularly received more than $30 a month in tips. Therefore, he was a "tipped employee" within the meaning of FLSA 29 U.S.C. § 203 (t).

28. All tips received by the employee must be retained by the employee. 29 U.S.C. § 203(m).

29. From at least May 2013 until on or about September 2014 the Defendants have violated the FLSA 29 U.S.C. § 203 (m) tip credit provision, as they withheld the credit card tips from the crew members tip pool and retained the credit card tips.

30. Defendants have failed to maintain proper time records as mandated by the FLSA.

31. Plaintiff has retained the BERKE LAW FIRM, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF THE FLSA 29 U.S.C. § 203 (m) TIP CREDIT PROVISION

32. Plaintiff, and others similarly situated, hereby incorporates Paragraphs 1 through 31 of this Complaint into this Count.

33. From on or about May 2013 until on or about September 2014, Defendants withheld the credit card tips from the crew members tip pool and retained the credit card tips.

34. The Defendants violated the FLSA 29 U.S.C. § 203 (m) tip credit provision, as Plaintiff's tips were not distributed in full amongst employees who customarily and regularly receive tips and therefore the Defendants violated the tip credit provision.

35. The Plaintiff and others similarly situated crew members seek damages in the amount of withheld credit card tips due him, plus liquidated damages in an amount equal to the loss of the credit card tips and pre-judgment interest.

36. The Plaintiff seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by the Defendants, as provided by the FLSA, 29 U.S.C. §216(b).

WHEREFORE, Plaintiff on behalf of himself and all proposed members of the FLSA representative action pray for relief as follows:

a. A determination that this action may be pursuant to the FLSA;

b. A finding that the Defendants violated the various provisions of the FLSA set forth above;

c. A finding that the Defendants acted willfully in each of the violations of the FLSA;

d. An award to Plaintiff of damages for the amount of all unpaid compensation as the law provides, including statutory liquidated damages and statutory wages;

e. An award to the Plaintiff of reasonable attorneys' fees and costs, or pre-judgment interest; and

f. An award of such other and further relief as this Court may deem appropriate.

Respectfully submitted this 5 day of February 2015.

BERKE LAW FIRM, P.A.

By: /s/ Bill B. Berke
Bill B. Berke, Esq.
Florida Bar No. 0558011
berkelaw@yahoo.com
4423 Del Prado Blvd. S.
Cape Coral, FL 33904
Telephone: (239) 549-6689
*Attorney for Plaintiff*